ACCEPTED
06-15-00166-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/8/2015 7:00:04 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/9/2015 9:27:00 AM
DEBBIE AUTREY
Clerk

**06-15-00166-CR**

## IN THE SIXTH COURT OF APPEALS

## at TEXARKANA

---

### GREGORY CARL LOHN

*Appellant*

**vs.**

### STATE OF TEXAS,

*Appellee*

---

Appeal from the 452nd District Court
of McCulloch County, Texas

---

### APPELLANT'S BRIEF

---

G. Lee Haney

305 North Center Avenue
Brownwood, Texas 76801
g.leehaney@lawyer.com
325.641.5720, f. 325.641.9009

Attorney for Appellant
Gregory Carl Lohn

Oral Argument Not Requested

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

**Appellant**

Gregory Carl Lohn

**Appellant's appellate counsel**

G. Lee Haney

305 Center Avenue
Texarkana, Texas 76801

**Appellant's trial counsel**

Todd Steele
208 E. Anderson Street
Brownwood, Texas 76801

**Appellee**

State of Texas

**Appellee's appellate counsel**

Tonya Kay Spaeth Ahlschwede
McCulloch Co. Dist. Attorney
P.O. 635
Mason, Texas 76856

**Appellee's trial counsel**

Tonya Kay Spaeth Ahlschwede
McCulloch Co. Dist. Attorney
P.O. 635
Mason, Texas 76856

Thomas Cloudt
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711

2

## TABLE OF CONTENTS

Identity of Parties and Counsel................................................................2

Table of Contents................................................................3

Index of Authorities................................................................4

Statement of the Case ................................................................5

Issue Presented................................................................6

Statement of Facts................................................................7

Summary of the Argument.................................................9

Argument ................................................................10

Prayer.................................................................13

Certificate of Service................................................................14

Certificate of Compliance................................................................15

# INDEX OF AUTHORITIES

**CASES:**                                                                            **PAGE**

**Hall v. State**, 283 S.W. 3d 137 (Tex.App.-Austin, 2009)......................10

**Matthews v. State,** No. 06-12-00179 (Tex.App.-Texarkana, 2013) .........10

**Orpean v. State**, 201 S.W. 3d 724 (Tex.Crim.App.2008)................................10

4

## STATEMENT OF THE CASE

Appellant was indicted for seven counts of Aggravated Sexual Assault and one count of Sexual Assault on October 14, 2014.  CR. 7-8  The case was called on March 17, 2015, RR.  15 and defendant entered a plea to count I of the indictment and the state waived the remaining counts.  RR. 15-16  The punishment hearing was called on March 31, 2015 and both sides announced ready. RR. 24

At the conclusion of the hearing, the court found the appellant guilty and assessed his punishment at seventy five years confinement.  RR. 216

## ISSUE PRESENTED

Whether the trial court erred in recessing the punishment hearing and allowing the state to call witnesses when the state had not furnished appellant a list of witnesses.

# STATEMENT OF FACTS

Appellant was indicted for seven counts of Aggravated Sexual Assault and one count of Sexual Assault on October 14, 2014. CR. 7-8 The case was called on March 17, 2015, RR. 15 and defendant entered a plea to count I of the indictment and the state waived the remaining counts. RR. 15-16

The punishment hearing was called on March 31, 2015 and both sides announced ready. RR. 24 When the state called its first witness, the following occurred:

>     MR. STEELE:  Your Honor, at this time I'm
>                  going to object to the State calling this
>                  witness. We filed, back on February 25th, a
>                  Motion for Discovery.
>                  The very first request in that motion was a
>                  list of all  witnesses that the
>
>                  State intends to call at trial. That motion
>                  was granted with the exception of rebuttal.
>                  That was the only exception noted on the
>                  ruling. RR. 25

The state responded that they had filed the notice and appellant's was adamant that he had never received it. RR. 26-27 Appellant's counsel also represented that he never received the other documents filed at the same time. RR. 38. Those documents included the Notice of Intention to Use Extraneous Offenses. CR. 60 et seq.

After apparently determining that the state had not furnished the witness list, the court on its own motion recessed the hearing. RR. 44 Appellant objected to continuing the hearing. RR. 41

At RR. 42, counsel stated for the record:

MR. STEELE: Well, I'll object to the Court recessing the case because that's, in essence, what we have asked for before. The State announced ready. They did not want to delay the case, and we have prepared tirelessly to get ready for today, and we're ready.

The punishment hearing resumed on June 15, 2015. RR. 50 The state called two witnesses. RR. 3

At the conclusion of the hearing, the court found the appellant guilty and assessed his punishment at seventy five years confinement. RR. 216

## SUMMARY OF THE ARGUMENT

Appellant filed a Motion for Discovery asking to be notified of witnesses the state intended to call at trial. The motion was granted by the court except for rebuttal witnesses. At trial, appellant objected to the state calling any witnesses because he did not receive a witness list from the state. After hearing the matter, the court recessed the hearing, over appellant's objection. Appellant was prejudiced by the testimony of the witnesses called by the state.

# ARGUMENT

Before the January 1, 2014 amendments to Article 39.14, a defendant in a Criminal case had no general right to pretrial discovery of evidence in the state's possession. **Hall v. State**, 283 S.W. 3d 137 (Tex.App.-Austin, 2009) "However under **Brady** and its progeny, the United States Supreme Court has recognized 'what amounts to a federal constitutional right to certain minimal discovery'" **Hall,** supra at 163. Further discovery can be ordered by the trial court which Imposes a continuing duty of disclosure. **Hall,** supra at 163.

In **Matthews v. State**, No. 06-12-00179 (Tex.App.-Texarkana, 2013), this court considered an allegation of the state violating a pretrial discovery order, however this court found that the motion in question was not actually ruled on by the trial court. At 10-11.

The Court of Criminal Appeals, in **Orpean v. State**, 201 S.W. 3d 724 (Tex.Crim.App. 2008), addressed the issue of violation of a court's pretrial discovery order. The evidence not furnished in that case was a videotape. At 725. The court

focused on whether the prosecutors conduct was a willful violation of the order. At 726-28.  The concurring opinion disagreed that the violation was willfull, but agreed the evidence should not have been admitted. At 728-729

In the case at bar, appellant filed a Motion for Discovery.  CR. 76 et seq  The first Motion addressed a request for a list of the names and addresses of all witnesses Intended to be called by the state.  CR. 76  That motion was granted by the court. except for rebuttal witnesses. CR. 76.

The punishment hearing was called on March 31, 2015 and both sides announced ready. RR. 24  When the state called its first witness, the following occurred:

MR. STEELE:  Your Honor, at this time I'm

going to object to the State calling this witness. We filed, back on February 25th, a Motion for Discovery.
The very first request in that motion was a list of all  witnesses that the

State intends to call at trial. That motion was granted with the exception of rebuttal. That was the only exception noted on the ruling. RR. 25

After a lengthy hearing, the trial court on its own motion recessed the hearing

11

and gave the state the opportunity to make the notifications. RR. 42 Appellant objected that the defense was ready for trial and the recess was unjustified as both sides had announced ready. RR. 42

While there was no suggestion that the prosecutor willfully disobeyed the trial court's discovery order, appellant submits that this is a case where the witnesses should not have been allowed to testify.

The defendant was prejudiced by the testimony of the therapist, who addressed the effect of appellant's conduct on the victim including its ongoing nature and of victim, who testified to the ongoing nature of the conduct. This damning evidence would not have been before the court, if the court had excluded the witnesses at the earlier hearing.

## PRAYER

WHEREFORE, premises considered, Gregory Carl Lohn respectfully requests that this conviction be reversed and judgment rendered in his favor, that the sentence be reversed and a new trial granted on punishment, and for such other and further relief to which Appellant may be entitled.

Respectfully Submitted,

*G. Lee Haney*

By: G. Lee Haney

305 North Center Avenue
Brownwood, Texas 76801
g.leehaney@lawyer.com
325.641.5720 f. 325.641.9009

Attorney for Appellant Gregory Lohn

# CERTIFICATE OF SERVICE

This is to certify that on December 8, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail on adverse counsel.

_____

G. Lee Haney

# CERTIFICATE OF COMPLIANCE

I certify that this document contains 1420 words counting all parts of the document according to Microsoft Word's word count function.

_____

G. Lee Haney

15